UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| GREG IRWIN, | § | |
| | § | |
| *Plaintiff* | § | CASE NUMBER: 1:cv-17-731 |
| | § | |
| v. | § | |
| | § | |
| BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

1. Plaintiff Greg Irwin brings this action for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, to obtain actual damages, statutory damages, costs and reasonable attorney's fees for the Defendants' violation of the FDCPA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## THE PARTIES

4. Plaintiff Greg Irwin ("**Plaintiff**") is an individual who resides in Travis County, Texas.

5. Defendant Bureaus Investment Group Portfolio No 15 LLC ("**BIG**") is a foreign limited liability company organized and existing under the laws of Illinois. BIG's principal office is located at 1717 Central St., Evanston, IL 60201. BIG may be served with process by serving

its registered agent for service of process: Incorp Services Inc., 815 Brazos St., Ste. 500, Austin, TX 78701.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person.

7. Plaintiff incurred an alleged debt for goods and services used for personal, family or household purposes, originally for a credit card issued by Capital One, N.A. ("alleged debt").

8. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

9. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

10. Plaintiff did not pay the alleged debt, and it went into default.

11. After default, Capital One, N.A. assigned or transferred the alleged debt to BIG.

12. BIG regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

13. BIG is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14. On or about June 22, 2017, BIG sued Plaintiff in an attempt to collect the alleged debt.

15. The suit was filed in Justice of the Peace, Precinct 4, Travis County, Texas as docket number J5-CV-17-001596, and styled *Bureaus Investment Group Portfolio No 15 LLC vs. Greg Irwin* (hereinafter "the state court action").

16. Debt collection claims filed in Texas Justice of the Peace courts by debt collectors are subject to the specific pleading requirements of Tex. R. Civ. Pro. 508.

17. The state court action is subject to the specific pleading requirements of Tex. R. Civ. Pro. 508.

18. The petition for a claim based upon a credit card must state, among other things,

the amount owed as of a date certain and whether the plaintiff seeks ongoing interest. *See* Tex. R. Civ. Pro. 508.2(a)(1)(E) - (F).

19. The petition for a claim where the plaintiff is seeking ongoing interest must state the effective interest rate claimed, whether the interest rate is based upon contract or statute, and the dollar amount of interest claimed as of a date certain. *See* Tex. R. Civ. Pro. 508.2(a)(3).

20. The petition filed in the state court action did not state the amount owed as of a date certain.

21. The petition filed in the state court action did state that BIG was seeking pre-judgment and post-judgment interest.

22. However, BIG's petition in the state court action did not state the effective interest rate, whether the interest rate is based on contract or statute, or the dollar amount of interest claimed as of a date certain.

23. Without this information, Plaintiff was unable to determine the amount BIG is seeking to collect in the state court action.

24. On July 7, 2017, Plaintiff filed an answer and special exceptions in the state court action.

25. Upon service of the answer and special exceptions, BIG was made aware of the deficiencies in its pleadings.

26. On July 10, 2017, Plaintiff's counsel sent a letter of dispute and notice of inaccuracy regarding the debt BIG was attempting to collect to counsel for BIG.

27. On July 15, 2017, counsel for BIG in the state court action emailed Plaintiff's counsel and wrote:

> **"My client's records indicate that the balance owed on this account is $3,949.71."**

28. On or about August 1, 2017, counsel for BIG responded to Plaintiff's July 10th, 2017 letter of dispute and notice of inaccuracy and wrote:

**"The balance at the time of the suit was $3,949.71[.]"**

29. Despite this, BIG has reported that the balance due is $4,464.00 on Plaintiff's Experian credit report since July 2016 and as recently as May 2017.

## VIOLATIONS OF THE FDCPA § 1692e(8)

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. The FDCPA, §1692e(8), states as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

32. BIG violated § 1692e(8) by communicating that it was seeking ongoing interest.

33. BIG violated § 1692e(8) on nine separate occasions by reporting to Experian credit union that the balance was higher than $3,949.71 each month from September 2016 until May 2017.

34. WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tylerhickle@hicklelegal.com